Dear Mr. James:
This letter is written in response to your predecessor's request for an opinion concerning the disposition of interest earned on cash bonds filed with the Director of Revenue pursuant to §§ 144.087, 142.100, 142.290, and 142.295, RSMo 1978. The same question was raised concerning interest earned on deposits made to the protest payment account pursuant to § 144.700, RSMo 1978.
The cash bonds involved are filed with the Director of Revenue and maintained by him in order to insure compliance with the tax laws. Section 144.087 concerns sales tax, and §§ 142.100, 142.290, and 142.295 deal with motor fuel tax obligations. The monies involved are maintained in accounts by the Director of Revenue rather than the State Treasurer because said monies do not constitute funds belonging to the State. Therefore, § 30.240, RSMo 1978, which requires the State Treasurer to credit to general revenue all interest received from the deposit of state monies, is not applicable.
In responding to your request we will not deal with the propriety of requiring or accepting cash bonds from taxpayers, but will simply answer the question raised. Bonds are required from taxpayers to comply with the provisions of the various tax laws, and to provide a ready source of revenue for payment of the taxes should delinquencies occur. If the taxpayer complies with the taxing statutes involved, the bonds can be released back to the taxpayer by the Director. In effect, the Director of Revenue is a trustee for whomever is ultimately shown to be entitled to the cash bond, the State of Missouri or the taxpayer. All interest earned on each bond should be added to the value of the bond itself. If the taxpayer complies with the provisions of the particular tax statute involved so that the bond is returned, the interest accumulated on that bond should also be returned. If the taxpayer defaults on his obligations, the interest along with the principal is available to the State of Missouri for satisfaction of all taxes owed.
The question of interest earned from deposits made to the protest payment account pursuant to § 144.700, RSMo 1978, is dealt with specifically by the Missouri Supreme Court inNoranda Aluminum, Inc. v. Missouri Department of Revenue,599 S.W.2d 1 (Mo. 1980). The court noted that § 144.700 requires sales tax paid under protest to be held in a "special deposit" by the Director of Revenue. In effect, the Director of Revenue is a trustee of this money for the party subsequently determined to be entitled to it, the state or the taxpayer. Under these circumstances, the Supreme Court concluded that fairness and justice required the interest, if any, to be disposed of in the same manner as the principal. If the state prevailed in the underlying dispute, the interest was to be paid to the state; if the taxpayer prevailed, the interest was to be paid to the taxpayer.
The limitation imposed upon the amount of interest to be recovered by Noranda was dictated by the fact that the trial court judgment restricted the amount of interest to six percent, from which Noranda did not appeal. Therefore, the Supreme Court only amended the circuit court judgment to provide that the interest to be paid was limited to the amount earned, if any, but not more than the six percent authorized by the circuit court judgment. Had the taxpayer asked for the amount of interest earned upon the tax paid under protest, and the trial court issued its judgment for that amount, no restriction would have been in effect.
However, the controversy in Noranda arose before the effective date of Senate Bill 661, Seventy-ninth General Assembly, Second Regular Session (effective August 13, 1978), so the Supreme Court did not have an opportunity to discuss that legislation which, in our opinion, has a bearing upon the question raised in your request. In that bill, the Missouri legislature enacted § 161.273, RSMo 1978, creating a right of review in the Administrative Hearing Commission by any taxpayer aggrieved by a finding, order, decision, assessment or additional assessment made by the Director of Revenue. Among other things, this covers the refusal by the Director to refund sales tax paid under protest. Section 161.273 also provides for interest as follows:
 In the event the taxpayer prevails in any dispute under this section, interest shall be allowed at the rate of six percent per annum upon the amount found to be wrongfully collected or erroneously paid . . . .
In our opinion, this section is applicable to the payment of sales tax made under protest where review of the underlying controversy is governed by Senate Bill 661. If the taxpayer prevails at the Administrative Hearing Commission, or on judicial review therefrom, the sales tax paid under protest pursuant to § 144.700 must be returned along with six percent interest per annum.
Very truly yours,
 JOHN ASHCROFT Attorney General